# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**JAMES S. FALLER, II,**

        Petitioner,

v.                                       **Civil Action No.: 1:17cv48**
                                                **(Judge Keeley)**

        Respondent.

**JENNIFER SAAD,**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 29, 2017, James S. Faller, III ("Petitioner" or "Defendant"), acting *pro se*[1], filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at Forrest City Low in Forrest City, Arizona and is challenging the validity of his conviction obtained in United States District Court for the Western District of Kentucky. On September 29, 2017, the undersigned United States Magistrate Judge conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255. Because the Petitioner had not previously filed a § 2255 motion, the Court gave him notice of his right to consent to proceed under 28 U.S.C. § 2255 or to proceed as filed. ECF No. 7. On October 18, 2017, the Petitioner notified the Court that he elected to proceed on his § 2241 petition as filed. ECF No. 10. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be

---

[1] When this matter was filed, the Petitioner was incarcerated at FCI Gilmer Camp which is located within the jurisdiction of this Court.

dismissed for lack of jurisdiction.

## II.   BACKGROUND[2]

On August 14, 2013, the grand jury in the Western District of Kentucky issued an indictment against the Petitioner on several counts of tax fraud, tax evasion, failure to timely file a U.S. Individual Income Tax Return 1040 for the 2006 through 2009 tax years, and filing false documents. ECF No. 1.  More specifically, the Petitioner was charged with eleven counts as follows:

1. One count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, a violation of 26 U.S.C. § 7212 (a).

2. One count of willfully attempting to evade the payment of a Trust Fund Recovery Penalty owing by him to the United States, pursuant to 26 U.S.C. §  7201.

3. Four counts of willfully attempting to evade his individual income taxes for the 2006 through 2009 tax years, pursuant to 26 U.S.C. § 7201.

4. One count of making and subscribing a false statement, Form 433-A, under the penalties of perjury, pursuant to 26 U.S.C. § 7206(1).

5. Four counts of willfully failing to file individual income tax returns for the 2006 through 2009 tax years in violation of 26 U.S.C. § 7203.

On June 12, 2015, after 10 days of trial, in which the Petitioner represented himself[3], a jury found him guilty of all but one of the counts in the indictment.[4] The jury

---

[2] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER. See United States v. Faller, 1:13-cr-29-JHM-HBB-1 (W.D. KY). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The Petitioner is not an attorney. "[T]he Defendant is a member of various defense teams for other United States Citizens who had and in some cases have pending cases in both State and Federal Courts across the United States." ECF No. 248 at 2.

returned a not guilty verdict on Count 2 in which he was charged with willfully attempting to evade and defeat payment of a Trust Fine Recovery Penalty. ECF No. 223. On January 29, 2016, the Petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 36 months as to each of Counts 1 and 3 through 7 and 12 months as each of Counts 8 through 11 in the Indictment, which were ordered served concurrently, for a total term of 36 months imprisonment. ECF No. 357 at 3. In addition upon release from imprisonment, he will be on supervised release for a term of 3 years as to each of Counts 3 through 6 and one year as to each of Counts 1 and 7 through 11, which shall run concurrently, for a total term of 3 years. Id. at 4. Finally, the Petitioner was ordered to pay restitution, in the amount of $143,113, according to the payment schedule approved by the court. Id. at 5.

On February 11, 2016, the Petitioner filed a Notice of Appeal. ECF No. 359. The Petitioner, through his court-appointed attorney and supplemental pro se briefing, raised seven arguments[5] that he asserted required the appellate court to dismiss his

---

[4] This is the Petitioner's second federal conviction. The Petitioner was indicted in the United States District Court for the Southern District of Florida in 1997 for two counts of conspiracy to commit mail fraud and one count of conspiracy for money laundering. The Petitioner was found guilty on May 26, 2000; and sentenced on February 20, 2003, to 24 months imprisonment with supervised release for three years. See 0:97-cr-06063-BB-5 (available on PACER). On October 22, 2004 [ECF No. 950], the Petitioner filed a "Motion Requesting the District Court Empanel a Special Grand Jury Pursuant to 18 U.S.C. 3331(a) and 18 U.S.C. § 3332(a)," accusing the Assistant United States Attorney who prosecuted him of conspiring with his ex-wife, federal agents, the defendant in this action, and other unnamed persons to harm him." The Petitioner also filed a motion to vacate, set aside or correct his sentence, which was docketed as a civil habeas action in Faller v. United States, 04-cv-61656. That motion was dismissed on February 14, 2005. In addition, the Petitioner appealed his conviction. On cross appeal, the government challenged the Petitioner's sentence. The Eleventh Circuit Affirmed in Part, Vacated and Remanded in Part. More specifically, they affirmed the conviction and remanded for re-sentencing. U.S. v. Murray, 154 Fed.Appx. 740 (11th Cir. September 27, 2005). On remand, the Petitioner was again sentenced to a term of 24 months imprisonment, three years supervised release and was ordered to pay $263,616 in restitution.

[5] As discussed more fully below, the Petitioner alleges that there more than seven grounds raised, and the Court of Appeals ignored the claims raised in his *pro se* brief.

conviction. First, he argued that the police failed to preserve a Dell laptop computer which he claimed contained exculpatory evidence. Next, the Petitioner argued that the district court's refusal to order the government to disclose grand jury testimony of a witness he called at trial -- Special Agent Matthew Sauber -- constituted reversible error pursuant to the Jencks Act, 18 U.S.C. § 3500. Third, the Petitioner asserted that the district court's conduct showed improper bias, denying him a fair trial. The Petitioner's next set of arguments were that there was insufficient evidence to sustain his conviction. In addition, the Petitioner argued that his 26 U.S.C. § 7203 (willful failure to file) convictions must be dismissed as lesser included offenses of his 26 U.S.C. § 7201 (tax evasion) charges. The Petitioner also asserted that the government improperly bolstered Special Agent Sauber during closing arguments. Finally, the Petitioner argued that the district court erred in failing to hold a <u>Franks</u> hearing on his motion to suppress evidence found pursuant to the executed search warrant of his home and office. Finding no merit to any of the Petitioner's arguments, the United States Court of Appeals for the Sixth Circuit affirmed his conviction on January 10, 2017. <u>See</u> Case No. 16-5168 (6th Cir.), ECF No. 40-1.

### III. **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule

1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## IV.     CLAIMS OF THE PETITION

In support of his pending § 2241, Petitioner alleges error on the part of the Court of Appeals. More specifically, the Petitioner alleges that the Court of Appeals provided a "half adjudicated" appeal. ECF No. 1-1 at 4. In support of this allegation, the Petitioner notes that he intended to continue representing himself on appeal. However, the Court of Appeals entered a *sua* sponte order allowing the Petitioner to file a 15 page Supplemental Brief in addition to the main brief which was filed by Kevin Schad, the Federal Public Defender in Cincinnati. The Petitioner alleges that counsel raised six issues on appeal, while he, himself, raised an additional five grounds in his *pro s* brief. The Petitioner alleges that not one single issued raised in the *pro se* brief was reviewed. The Petitioner maintains that this failure resulted in erroneous findings and a complete breakdown of due process. Id. at 6. The Petitioner alleges further error by the Court of

Appeals in refusing to rehear the matter or look at the supplemental brief.

In addition to raising error on the part of the Court of Appeals, the Petitioner also alleges that his appellate counsel was ineffective. It would appear that the Petitioner's allegation in this regard is counsel's failure to file a petition for rehearing *en banc*.

### V.     ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be

6

filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id. A petitioner bears the burden of demonstrating that the section 2255 is "inadequate or ineffective," and the standard is an extremely stringent one.

In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34 (emphasis added).

Although Petitioner has raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and the third

7

elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones. To the extent that the Petitioner appears to allege that he cannot receive an "unbiased" hearing in § 2255 proceeding, he has cited no law that would suggest that such an allegation opens the portal to the savings clause. In addition, to the extent that Petitioner allege that a "2255 is a pleading that can and will go on long past the expiration of [his] remaining sentence" [ECF No. 11 at 7], the same again does not open the portal to the savings clause. Moreover, although the Petitioner's anticipated release date is November 23, 2018[6], he will remain "in custody" for purposes of a § 2255 motion during his four years of supervised release. Finally, it is noteworthy that the Petitioner failed to file a Petition for Writ of Certiorari following the denial of his appeal and requests for rehearing.

Consequently, because Petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.  RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the presiding District Judge **DISMISS** the Petition [ECF No. 1] and the civil action for lack of jurisdiction.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying

---

[6] See bop.gov.

those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, Senior United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the magistrate judge association with this case.

**DATED**: March 28, 2018.

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE