**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES S. FALLER, II,**

      **Petitioner,**

**v.**  //  **CIVIL ACTION NO. 1:17CV48**
                                         (Judge Keeley)

**JENNIFER SAAD, Warden,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 26], AND
DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

**I.**

In 2015, a jury in the Western District of Kentucky convicted James S. Faller, II ("Faller") of tax evasion, attempting to obstruct the Internal Revenue Service (IRS) in the collection of taxes, knowingly giving false information to the IRS, and willful failure to file tax returns. The district court sentenced Faller to 36 months of imprisonment, and the United States Court of Appeals for the Sixth Circuit affirmed the convictions on direct appeal. See United States v. Faller, 675 F. App'x 557 (6th Cir. 2017).

On March 29, 2017, Faller filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, attacking the validity of his convictions (Dkt. No. 1). Specifically, he alleges that the Sixth Circuit "deni[ed] his right of direct appeal," by failing to review issues raised in his pro se brief and by failing to "look at [his] request" for new counsel. He also alleges that his appellate counsel was ineffective (Dkt. No. 1 at 4-6). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to the

**FALLER V. SAAD**                                                1:17CV48

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 26], AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

magistrate judge for initial screening and a report and recommendation.

On March 28, 2018, the Honorable James E. Seibert, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), which recommended that the Court dismiss the petition for lack of jurisdiction because Faller had not demonstrated that § 2255 is an inadequate or ineffective remedy by which to attack the validity of his convictions (Dkt. No. 22).[1] Specifically, the R&R concluded Faller had not established his entitlement to the application of § 2255's savings clause pursuant to the test articulated in In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 7-8.

Faller objects to the R&R's determination that, because the petition does not fall within the scope of the savings clause, it must be dismissed for lack of jurisdiction (Dkt. No. 26). He specifically objects to the R&R's reliance on In re Jones for this conclusion, id. at 4-5, arguing that the requirements established in In re Jones are not "the only way to show that § 2255 is an inadequate or ineffective remedy for his claims. He asserts that "structural errors" in his case entitle him to proceed under § 2241. Id. at 5.

---

[1] The Court notes that the R&R inadvertently identified the petitioner as "James S. Faller, III." (Dkt. No. 22 at 1).

**FALLER V. SAAD**                                                    **1:17CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 26], AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

**II.**

Following de novo review, the Court concludes that Faller's objections lack merit. Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2225 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332.

The Fourth Circuit has explained that § 2255 is inadequate or ineffective only where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34; see also United States v. Wheeler, 886 F.3d 415, 427 (4th Cir. 2018) (reciting the three-prong test articulated in Jones and acknowledging that "[t]here is no doubt that Jones is still good law in this circuit").

As Magistrate Judge Seibert correctly concluded, In re Jones precludes any relief under § 2255's savings clause. Even assuming Faller could satisfy the first and third prongs of Jones, he has

**FALLER V. SAAD**  1:17CV48

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 26], AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

not established that "the conduct of which [he] was convicted" is no longer criminal, as required by the second prong. Id.; see Dkt. No. 22 at 8.

Contrary to Faller's arguments, the Fourth Circuit has consistently reiterated that In re Jones provides a § 2241 petitioner's only route to the § 2255 savings clause. See, e.g., Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), where the Fourth Circuit strictly applied In re Jones to block a § 2241 petitioner from challenging the fact of his conviction through the savings clause of § 2255. Id. Although the court ultimately remanded that case to the district court with instructions to vacate the sentence, it determined that § 2241 was the incorrect procedural vehicle for the challenge because the petitioner did not meet the requirements of In re Jones. Id. Significantly, the case recognized no alternative means for the petitioner to merit relief under the savings clause of § 2255.

### III.

Because Faller cannot escape the requirements of In re Jones, the Court **OVERRULES** his objections (Dkt. No. 26), **ADOPTS** the R&R (Dkt. No. 22), **DENIES** Faller's § 2241 petition (Dkt. No. 1), and **ORDERS** that this case be **DISMISSED** and **STRICKEN** from the Court's active docket.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 26], AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to the pro se petitioner, certified mail and return receipt requested.

DATED: May 10, 2018.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE